UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURIE PEARL, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CLEARLINK PARTNERS, LLC,<br><br>Defendant. | Civil Action No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR A JURY TRIAL** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Laurie Pearl ("Plaintiff" or "Pearl"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this lawsuit against Clearlink Partners, LLC ("Clearlink" or "Defendant"), seeking all available remedies under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and under Massachusetts state laws.

The foregoing allegations are made on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

**INTRODUCTION**

1. In order to control costs and increase revenue, insurance companies rely on thousands of employees who perform non-exempt utilization review work for clients across the United States ("Utilization Review Employees") to ensure that providers render healthcare that meets hyper-specific, standardized criteria for insurance coverage. Utilization Review Employees review thousands of requests for medical treatment against strict, rigid criteria without deference to clinical knowledge. Clearlink employs Utilization Review Employees who regularly work upwards of forty (40) hours per week in order to service the utilization review needs of healthcare organizations around the nation.

2. This case is about Clearlink's knowing and improper classification of Plaintiff and

other similarly situated Utilization Review Employees as exempt from the FLSA, who, as a result, did not receive overtime pay for hours worked in excess of forty (40) hours in a workweek.

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the Massachusetts state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391. Clearlink has been actively conducting business in the State of Massachusetts. A substantial portion of the events described herein took place in this District.

## PARTIES

6. Plaintiff Laurie Pearl is an individual residing in Weymouth, Massachusetts. Pearl worked for Defendant as a Utilization Review Employee between approximately February 2019 and October 2019. Pursuant to 29 U.S.C. § 216(b), Pearl has consented in writing to participate in this action. *See* Exhibit A.

7. Defendant Clearlink Partners, LLC is incorporated in Georgia. Its headquarters are located at 574 Gramercy Drive, Marietta, GA 30068. Clearlink currently does business in the District of Columbia and numerous states, including but not limited to Massachusetts, West Virginia, Connecticut, Georgia, Pennsylvania, North Carolina, New Hampshire, Rhode Island, and Florida.

8. At all times material to this action, Defendant has employed individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise

working on goods or materials that have been moved in or produced in commerce by any person, as defined by 29 U.S.C. §§ 206-207.

9. At all relevant times, Defendant has conducted business under the laws of Massachusetts, including in this judicial district, and has employed Utilization Review Employees in this judicial district.

10. Defendant's annual gross volume of sales made or business done exceeds $500,000.

## COLLECTIVE AND CLASS DEFINTIONS

11. Plaintiff brings Count I of this lawsuit pursuant to FLSA, 29 U.S.C. § 216(b) as a collective action, individually, and on behalf of herself and the following class:

> All individuals who worked for Clearlink Partners, LLC providing utilization reviews in the United States between three years from the date this Complaint is filed and the present and were not paid overtime (the "FLSA Collective").

12. Plaintiff brings Counts II and III of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, individually, and on behalf of herself and the following class:

> All individuals who worked for Clearlink Partners, LLC providing utilization reviews in Massachusetts between three years from the date this Complaint is filed and the present and were not paid overtime (the "Massachusetts Class").

13. The FLSA Collective and the Massachusetts Class are together referred to as the "Classes."

14. Plaintiff reserves the right to redefine the Classes prior to notice, and thereafter, as necessary.

## FACTS

15. Clearlink Partners, LLC ("Defendant" or "Clearlink") is a professional services firm that provides staffing and consulting services to Managed Care Organizations ("MCOs") and various healthcare providers with a focus on supplementing and servicing utilization review needs.

3

16. Clearlink's Chief Executive Officer characterized Clearrlink as a firm "[Focused] on Utilization Management (UM) and Care Management (CM) transformation and high-profile, time sensitive, special projects." LinkedIn, Bruce B. Cox https://www.linkedin.com/in/bruce-b-cox-95647614 (last visited Feb. 28, 2020).

17. Clearlink hires and trains employees to service the utilization review needs of Clearlink clients. Specifically, Clearlink offers "on- and off-site utilization review extension teams on mid-term and long-term assignments." Clearlink Partners, Provider Solutions https://clearlinkpartners.com/provider-solutions (last visited Feb. 28, 2020).

18. Clearlink employed Plaintiff and continues to employ other Utilization Review Employees to perform non-exempt utilization review work for clients across the United States under different job titles including, but not limited to, "Prior Authorization Nurse," "Care Management Consultant," "Concurrent Review Nurse," "Complex Case Manager," and "Utilization Review Nurse" (collectively, "Utilization Review Employees").

19. Plaintiff and Utilization Review Employees provide remote utilization review services for Defendant's clients.

20. For her entire tenure, Plaintiff worked under the supervision of Defendant. On information and belief, members of the FLSA Collective and Massachusetts Class were similarly supervised by Defendant, notwithstanding the specific Clearlink client to which they were assigned.

**The Non-Exempt Nature of Plaintiff's and Other Utilization Review Employees' Work**

21. Plaintiff conducted utilization reviews for Defendant and other Utilization Review Employees continue to conduct utilization reviews for Defendant.

22. Utilization reviews consist of extracting objective data from a particular patient's

electronic medical record and entering that patient's data into a computer program that determines whether a request submitted for healthcare services meets hyper-specific, standardized criteria for insurance coverage.

23. Utilization Review Employees do not independently make these assessments; rather, the assessments are generated by the computer program.

24. The criteria that Plaintiff and other Utilization Review Employees were and are required to adhere to, both or one or the other, are called InterQual® and Milliman.  Other similarly hyper-specific, standardized criteria are sometimes used in addition to InterQual® and Milliman that varied by the state of the healthcare provider (*e.g.*, Plaintiff and other Utilization Review Employees in Massachusetts also adhered to MassHealth criteria).

25. Specifically, to conduct utilization reviews, Utilization Review Employees utilize software that automatically generates a series of "yes or no" questions that correspond to objective data in patient electronic medical records (*e.g.*, Will the patient be discharged with oxygen?) and that corresponded with the requested healthcare service.

26. Plaintiff and other Utilization Review Employees were and are required to answer these questions by reviewing objectively identifiable patient information contained in electronic medical records provided with each request.

27. Answering these questions in compliance with Clearlink's policies preclude the exercise of discretion and independent judgement.

28. Once the Utilization Review Employees input the objective data into the computer program, the computer program then indicates whether the requirements for insurance coverage were met.  If they were met, the computer program generates a decision of coverage approval. approves coverage.

29. Utilization Review Employees did not and do not independently determine if the requirements were met for insurance coverage.

30. If the criteria for insurance coverage were not met, Utilization Review Employees do ***not*** have the discretion to deny requests. Plaintiff and other Utilization Review Employees were and are required to escalate the request to a supervisor who makes the final decision regarding insurance coverage.

31. Specifically, the computer software automatically packages a denied request and corresponding answers entered by Utilization Review Employees into a document called an "Activity" that Utilization Review Employees were and are required to escalate to a supervisor.

32. If, for any reason, a "yes or no" question could not be objectively answered based on the electronic medical records provided and without assumptions, Utilization Review Employees are required to escalate the request to a supervisor.

33. The work of Utilization Review Employees was subject to scrutiny, review, and oversight by managers and supervisors. For instance, Plaintiff's work was routinely and comprehensively reviewed by the healthcare organization that Clearlink contracted with to provide utilization review services.

34. In addition to the in-house review of Plaintiff and other Utilization Review Employees' work, third-party organizations are often engaged to conduct reviews and audits of Plaintiff and other Utilization Review Employees' work.

35. Utilization review work, in general and as performed by Plaintiff and other Utilization Review Employees, is routine and rote.

36. Although Defendant hired Registered Nurses and Licensed Practical Nurses to conduct utilization reviews, Defendant's utilization review procedures precluded Plaintiff and

6

other Utilization Review Employees from exercising any advanced knowledge, discretion, and/or independent judgement.

37. In fact, the exercise of any advanced knowledge, discretion, and/or independent judgement would compromise the completion of successful utilization reviews which are contingent upon objectively and exclusively reviewing the information contained in the electronic medical records against hyper-specific, standardized criteria for insurance coverage.

38. Utilization Review Employees work remotely and do not directly or indirectly engaged with patients.

39. Utilization Review Employees do not exercise or otherwise rely upon any nursing knowledge or experience to complete the duties of their job.

40. Utilization Review Employees do not have final, binding authority to approve coverage.

41. As Clearlink employees, Utilization Review Employees do not engage in nursing of any nature (*e.g.*, bedside, telehealth, etc.) and do not supply any medical care or recommendations in a clinical or non-clinical setting regarding patient care.

42. As Clearlink employees, Utilization Review Employees do not offer any analysis or advice on healthcare rendered or proposed treatment plans.

### Plaintiff and Class Members Did Not Receive Overtime

43. Plaintiff worked five (5) days per week, typically between fifty (50) and sixty (60) hours per week.  Due to the volume of utilization reviews required of Plaintiff and other Utilization Review employees, 10-13-hour days were and are routinely required.  Plaintiff observed other Utilization Review Employees worked similar schedules.

44. Plaintiff and Class Members routinely worked in excess of forty (40) hours per

workweek, but were not paid overtime compensation as required by the FLSA and state law.

45. Plaintiff and Class Members were required to clock in and out on the time timekeeping software, TimeStar, however, they were not compensated for more than (40) hours of work per week.

46. Although the workload assigned to Plaintiff and Class Members typically required them to work more than forty (40) hours per week, Defendant failed to pay them one and one-half (1 ½) times their regular rate of pay for hours in excess of forty (40) hours per week, as required by the FLSA.

47. Instead, Plaintiff and Class Members were misclassified as exempt and were not paid overtime compensation.

### Defendant Willfully Violated the FLSA

48. Defendant failed to make, keep and preserve records with respect to Plaintiff and other Class Members sufficient to determine their lawful wages, actual hours worked and other conditions of employment as required by federal and state law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week); Mass. Gen. L. c. 151 § 15 (same).

49. Defendant's offer letter dated February 02, 2019, listed Plaintiff's position as a "Fulltime Non-Exempt" Prior Authorization Nurse.

50. Despite signing Defendant's offer, Plaintiff was denied overtime compensation for hours worked over forty (40) in a work week.

51. Plaintiff made several complaints about nonpayment of overtime for hours worked over forty (40) in a work week, but was denied overtime compensation.

52. Defendant and its senior management had no reasonable basis to believe that Plaintiff and Class and Collective Members were exempt of the FLSA. Rather, Defendant either knew or acted with reckless disregard of clearly applicable FLSA and state law provisions in misclassifying Plaintiff and the FLSA Collective as exempt and failing to pay them overtime. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendant's actions and/or failures to act.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

53. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

54. Plaintiff desires to pursue her FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

55. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, inter alia, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, inter alia, Defendant's common compensation, time-keeping and payroll practices.

56. Specifically, Defendant misclassified Collective Members as exempt and failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

57. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant use.

58. Defendant employs many FLSA Collective Members throughout the United States.

9

These similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

59. Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Massachusetts Class defined above.

60. The members of the Massachusetts Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Massachusetts Class.

61. Plaintiff will fairly and adequately represent and protect the interests of the Massachusetts Class because there is no conflict between the claims of Plaintiff and those of the Massachusetts Class, and Plaintiff's claims are typical of the claims of the Massachusetts Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

62. There are questions of law and fact common to the proposed Massachusetts Class, which predominate over any questions affecting only individual Massachusetts Class members, including, without limitation: whether Defendant violated and continues to violate Massachusetts law through its policy or practice of misclassifying Utilization Review Employees and not paying overtime compensation.

63. Plaintiff's claims are typical of the claims of the Massachusetts Class in the following ways, without limitation: (a) Plaintiff is a member of the Massachusetts Class; (b)

Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Massachusetts Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Massachusetts Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Massachusetts Class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Massachusetts Class members.

64. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Massachusetts Class predominate over any questions affecting only individual Class members.

65. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Massachusetts Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Massachusetts Class would create the risk of inconsistent or varying adjudications with respect to individual Massachusetts Class members that would establish incompatible standards of conduct for Defendant.

66. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Massachusetts Class members, while substantial, are not great enough to enable them to

maintain separate suits against Defendant.

67. Without a class action, Defendant would retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Massachusetts Class. Plaintiff envisions no difficulty in the management of this action as a class action.

### COUNT I
### Violations of the FLSA
### (On Behalf of Plaintiff and the FLSA Collective)

68. All previous paragraphs are incorporated as though fully set forth herein.

69. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed. See 29 U.S.C. § 207(a)(1).

70. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

71. During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

72. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

73. Defendant's compensation scheme applicable to Plaintiff and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

74. Defendant knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty

(40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

75. Defendant also knowingly failed to create, keep and preserve records with respect to work performed by Plaintiff and the FLSA Collective sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

76. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

77. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## COUNT II
### Violation of the Massachusetts Fair Minimum Wage Act Regarding Overtime
(On Behalf of Plaintiff and the Massachusetts Class)

78. All previous paragraphs are incorporated as though fully set forth herein.

79. The Massachusetts Fair Minimum Wage Act ("FMWA") requires that employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* Mass. Gen. L. c. 151 §1A.

80. Defendant is subject to the wage requirements of the FMWA because Defendant is an "employer" under Mass. Gen. L. c. 149 § 1.

81. During all relevant times, the members of Massachusetts Class, including Plaintiff, were covered employees entitled to the above-described FMWA's protections. *See* Mass. Gen. L. c. 149 § 1.

82. Plaintiff and the Massachusetts Class are not exempt from the requirements of the

FMWA. Plaintiff and the Massachusetts Class are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to Mass. Gen. L. c. 151 §1A.

83. Defendant's compensation scheme applicable to Plaintiff and the Massachusetts Class failed to comply with Mass. Gen. L. c. 151 §1A.

84. Defendant knowingly failed to compensate Plaintiff and the Massachusetts Class at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of Mass. Gen. L. c. 151 §1A.

85. Defendant also knowingly failed to create, keep and preserve records with respect to work performed by Plaintiff and the Massachusetts Class sufficient to determine their wages, hours and other conditions of employment in violation of the FMWA, Mass. Gen. L. c. 151 §15.

86. Pursuant to Mass. Gen. L. c. 151 §1B, employers, such as Defendant, who fail to pay an employee wages in conformance with the FMWA shall be liable to the employee for the unpaid minimum and overtime wages, liquidated damages, reasonable attorney's fees, and costs of the action.

**COUNT III**
**Violation of the Massachusetts Wage Act,**
**G.L. c. 149 §§ 148 and 150**
**Failure to Timely Pay Due and Payable Wages**
**(On Behalf of Plaintiff and the Massachusetts Class)**

87. All previous paragraphs are incorporated as though fully set forth herein.

88. The Massachusetts Wage Act ("MWA") requires that employees be fully compensated when due and payable. *See* Mass. Gen. L. c. 149 § 148.

89. Defendant is subject to the requirements of the MWA because Defendant is an "employer" under Mass. Gen. L. c. 149 § 1.

90. During all relevant times, the members of the Massachusetts Class, including

14

Plaintiff, were covered employees entitled to the above-described MWA's protections. *See* Mass. Gen. L. c. 149 § 1.

91. Defendant violated the Wage Act by failing to timely pay Plaintiff and Class Members all wages that are due and payable.

92. Defendant's failure to pay overtime wages as required by 29 U.S.C. § 207 and Mass. Gen. L. c. 151 § 1, 1A, deprived Plaintiff and Class Members the full amount of their earned wages when same became due and payable, including upon termination.

93. Defendant's failures to timely pay due and payable wages were repeated, knowing and willful.

94. As a result of Defendant's violation of the Massachusetts Wage Act, Plaintiff and Class Members have incurred harm and loss in an amount to be determined at trial, along with mandatory treble damages, attorneys' fees and litigation costs. *See* Mass. Gen. L. c. 149 § 150.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

1. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

2. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

3. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Massachusetts Class;

4. Injunctive relief, requiring Defendant to cease its illegal practices;

5. Restitution for all wages and other damages that are owed to Plaintiffs and class and collective members as described above;

6. Statutory trebling of all wage-related damages;

7. Pre-judgment and post-judgment interest;

8. Back pay damages for unpaid overtime compensation and prejudgment interest to the fullest extent permitted under the law;

9. Liquidated and exemplary damages to the fullest extent permitted under the law;

10. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

11. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff and the Classes are entitled to a jury.

Date: March 17, 2020

Respectfully submitted,

s/ Harold Lichten
Harold Lichten (Mass. BBO #549689)
Anastasia Doherty (Mass. BBO #705288)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
617-994-5800
617-994-5801 (fax)
hlichten@llrlaw.com
adoherty@llrlaw.com

Sarah R. Schalman-Bergen (PA 206211)
Camille Fundora Rodriguez (PA 312533)
Krysten Connon (PA 314190)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604
sschalman-bergen@bm.net
crodriguez@bm.net
kconnon@bm.net

*Attorneys for Plaintiff and the Proposed Classes*