```
                    United States District Court
                      District of Massachusetts
```

| | |
|---|---|
| Laurie Pearl,          ) | |
|         Plaintiff,    ) | |
|         v.             ) | Civil Action No. |
| Clearlink Partners, LLC, ) | 20-10529-NMG |
|         Defendant.    ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Laurie Pearl ("Pearl" or "plaintiff") brings this suit on behalf of herself and others similarly situated against Clearlink Partners, LLC ("Clearlink" or "defendant") for violating the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. § 207, by denying overtime compensation and misclassifying some of its employees as exempt from FLSA protection.  Pending before the Court is plaintiff's motion for conditional certification of the putative class.

**I.   Background**

Clearlink is a Georgia-based professional services firm that provides staffing and consulting services to various healthcare providers.  It hires Utilization Review Employees ("UREs") to provide its clients with "utilization review",

- 1 -

namely, the review of requests for health care against standardized criteria to determine insurance coverage.

Pearl worked for Clearlink as a "Fulltime Non-Exempt" URE between January, 2019, and October, 2019. Just prior to starting that position, she received an offer letter stating that she would receive an hourly wage of $42 and was entitled to one and one-half times that rate for hours worked in excess of 40 per week, subject to supervisor approval. Verbally, however, Pearl contends she was instructed never to report overtime hours and, if she did, her timesheet would be denied and she would not be paid. To comply with those instructions, she reports she uniformly entered her time worked as 40 hours per week, regardless of her actual work hours.

In reality, Pearl asserts that she regularly worked between 10 and 13 hours per day, five days per week, totaling 50 to 60 hours each week. Those hours, she contends, were necessary to meet the daily case review quota imposed by Clearlink. Although Pearl allegedly notified her supervisor that she was forced to work overtime to complete her assigned caseload, she maintains that she was never paid additional compensation.

Plaintiff submits that she was not the only Clearlink URE deprived of overtime pay. Other employees who purportedly performed non-discretionary utilization review services for Clearlink were also assigned caseloads compelling overtime hours

and were subjected to the same, unwritten policy prohibiting them from reporting those hours. As a result, according to the Complaint, just as was plaintiff, those UREs were forced to work "off the clock" without compensation, in violation of the FLSA.

## II. Motion for Conditional Certification

On May 3, 2021, plaintiff moved to "conditionally" certify a proposed class and for a Court Order of notice to putative class members. The putative class includes approximately 30 employees consisting of:

> [a]ll individuals who worked for Clearlink providing utilization review services ("Utilization Review Employees" or "UREs") in the United States between [June 29, 2018,] and the present who were not paid overtime.

In support of her motion, plaintiff offers affidavits of former Clearlink UREs detailing their daily duties and stating, inter alia, that they 1) were told not to report work in excess of 40 hours per week, 2) had informed their supervisors that they were routinely working overtime to complete their assigned caseloads but 3) were never paid overtime compensation.

In addition to challenging the merits of plaintiff's claim prematurely, Clearlink opposes the motion for conditional certification and argues that 1) the employees in the putative class are not "similarly situated" with the named plaintiff because the putative class members have varying job titles, duties, training, exemption statuses and compensation

arrangements, 2) collective treatment of this case would be inefficient as a result of the individualized determinations required by the claims raised herein and 3) there is no credible evidence that putative class members are interested in joining the suit.

### A. Legal Standard

The FLSA requires that non-exempt employees be compensated for time worked in excess of 40 hours per week at a minimum rate of one and one-half times their regular rate of pay. 29 U.S.C. § 207(a)(1). Employees are exempt from that requirement, however, if they are "employed in a bona fide executive, administrative or professional capacity". 28 U.S.C. § 213(a)(1).

If an individual employee believes that his or her employer has violated the FLSA, the employee is entitled to bring an action against that employer on behalf of the individual and other "similarly situated" employees pursuant to section 216(b) of the FLSA. Such actions are permitted "to serve the interest of judicial economy and to aid in the vindication of plaintiffs' rights". Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989).

To bring a collective action, the plaintiff must be "similarly situated" to the putative class members. Id. To determine whether that is the case, the Court follows a two-tiered approach. Kane v. Gage Merch. Servs., Inc., 138 F. Supp.

2d 212, 214 (D. Mass. 2001).  First, at the "notice stage", the Court relies upon the initial pleadings and affidavits to determine, under a "fairly lenient standard", whether the putative class members "were subject to a single decision, policy, or plan that violated the law".  See id.  Second, upon the close of discovery and a motion from an employer, the Court considers whether de-certification is warranted.  See id.

### B. Application

In this case, we are at the first stage and the Court must determine whether members of the putative class are "similarly situated".  Although that determination is made using a fairly lenient standard, the standard is not "invisible". See Houston v. URS Corp., 591 F. Supp 2d 827, 831 (E.D. Va. 2008) (citations omitted).  Rather, "as a matter of sound case management" and to avoid "a frivolous fishing expedition at the employer's expense", courts should generally require the party moving for conditional certification to make

> a preliminary factual showing that there actually exists a similarly situated group of potential plaintiffs.

Melendez Cintron v. Hershey Puerto Rico, Inc., 363 F Supp. 2d 10, 18 (D.PR. 2005).  At a minimum, the plaintiff must "put forth some evidence that the legal claims and factual characteristics of the class in [the] case are similar".

Trezvant v. Fidelity Emp'r Servs. Corp., 434 F. Supp. 2d 40, 44 (D. Mass. 2006).

The Court concludes that plaintiff has met her burden under the lenient standard for conditional certification.  Although members of the putative class had varying job titles while working for Clearlink, plaintiff has adequately alleged that their actual job descriptions and duties were similar in that each position apparently involved the non-discretionary review of requests for health care against standardized criteria to determine insurance coverage. See Clark v. Cetene Corp., No. 12-cv-174, 2013 WL 12108138, at *3 (W.D. Tex. May 8, 2013) ("It would be a truly remarkable unpaid-overtime case in which every employee worked identical hours performing identical tasks."). Furthermore, the record indicates that the putative class members received similar training and directives from management, were each assigned daily case quotas and were all required to record their time on an hourly basis. See Litz v. Saint Consulting Group, Inc., No. 11-cv-10693, 2012 WL 549057, at *2 (D. Mass. Feb. 17, 2012) (certifying conditionally a class of employees who had "the same general job description and duties, ha[d] similar terms of employment, record[ed] and bill[ed] their time on an hourly basis, and receive[d] similar training and directives from management").

More importantly, plaintiff has made a preliminary factual showing that, regardless of job title or exemption status, all putative class members were subjected to a common, unwritten policy of Clearlink that denied them overtime compensation. See Davis v. Footbridge Eng'g Servs., LLC, No. 09-cv-11133, 2010 U.S. Dist. LEXIS 106523, at *2 (D. Mass. Oct. 5, 2010) (allowing conditional certification because plaintiff "adequately alleged that she and her potential class members performed similar functions and were subject to similar policies").  That policy, according to plaintiff, required all UREs uniformly to enter on their timesheets 40 hours of work each week, even though their assigned caseloads regularly compelled them to work more than that.  As a result, the putative class members routinely worked "off the clock" and never received overtime payment.

Although some of the putative class members were salaried and classified by Clearlink as "exempt", unlike plaintiff, the Court finds Pearl's argument well-taken that those UREs may nonetheless be deemed similarly situated to her because they allegedly performed similar, non-exempt work in excess of 40 hours per week but were denied additional pay due to the same, unwritten company policy prohibiting employees from reporting overtime hours. See Ruggles v. WellPoint, Inc., 591 F. Supp. 2d 150 (N.D.N.Y. 2008) (certifying conditionally a class of employees, some of whom were salaried while others were paid

hourly). Regardless of exemption status, all UREs were thus victims of the same alleged scheme of Clearlink to deprive them of overtime compensation. In any event, defendant's arguments with respect to the dissimilarity between job duties and exemption status are more appropriately evaluated at the second stage of certification which applies a stricter standard to determine whether the opt-in members are sufficiently situated. See Spack v. Trans World Entm't Corp., No. 17-cv-1335, 2019 U.S. Dist. LEXIS 6932, at *14-17 (N.D.N.Y. Jan. 15, 2019) ("[A]ny concerns regarding an individualized analysis between the two classes of employees [(i.e. exempt versus non-exempt) can be addressed at the second stage of the analysis.").

Finally, given that one class member has already opted into this case and multiple other former UREs have submitted affidavits in support of plaintiff's motion, the Court is satisfied that there exist putative class members who are interested in joining this suit. Thus, at least at the notice stage, proceeding as a collective action in this case will serve the interest of judicial economy. See Hoffman-La Roche, 493 U.S. at 170 ("The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact . . ."). The Court will, therefore, allow plaintiff's motion for conditional class certification, subject to reconsideration at the close of discovery.

**ORDER**

For the foregoing reasons, plaintiff's motion for conditional class certification (Docket No. 56) is **ALLOWED**.  The class of potential opt-in plaintiffs entitled to notice is defined as:

> [a]ll individuals who worked for Clearlink providing utilization review services ("Utilization Review Employees" or "UREs") in the United States between June 29, 2018, and the present who were not paid overtime.

The Court further directs the parties to confer with each other with respect to the proposed notice which is attached as plaintiff's Exhibit 14, see Docket No. 56-14, and report back to the Court within fourteen (14) days of this Order.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 29, 2021